IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

**KENNETH L. ROCKWELL,**

**Plaintiff,**

v.                                                                                                       **Civil Action No. 3:19cv237**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

**Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiff Kenneth L. Rockwell's Motion to Remand, (ECF No. 5.), and Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Dismiss Count II. (ECF No. 3.) Rockwell seeks remand of this case to the Circuit Court of Chesterfield County ("Chesterfield Circuit Court") for lack of subject matter jurisdiction. State Farm opposes remand. (ECF No. 6.) Rockwell does not oppose the Motion to Dismiss Count II. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The matter is ripe for disposition. The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.[1] For the reasons that follow, the Court will deny the Motion to Remand and grant the Motion to Dismiss Count II.

---

[1] "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Rockwell is a citizen of Virginia, State Farm is a citizen of Illinois, and the Complaint alleged damages exceeding $75,000 at the time of removal.

# I. Procedural and Factual Background

## A. Summary of Allegations in the Complaint

This breach of contract action arises from a May 13, 2015 automobile accident. On that date, Rockwell was involved in a motor vehicle collision and sustained injuries resulting in medical expenses totaling $267,539.66. (Compl. ¶ 2–4, ECF No. 1-1.) At the time of the accident, Rockwell "was the listed operator and owner of an automobile policy provided by State Farm, policy number 081-9245-B11-48J." (*Id.* ¶ 1.)

Rockwell alleges that the policy provided for "Medical Expense Benefits payments up to $50,000.00" to be paid out for injuries resulting from an accident. (*Id.* ¶ 7.) According to Rockwell, State Farm ignored repeated letters requesting the payout and has paid Rockwell only $7,027.39. (*Id.* ¶ 8–11.) Rockwell seeks the remaining $42,972.61. (*Id.* ¶ 13.)

In his Complaint, Rockwell also brings a claim for "Arbitrary Refusal of Motor Vehicle Insurance Claim" under Virginia Code § 8.01-66.1[2] for State Farm's failure to effectuate its duty to act in good faith. (*Id.* ¶ 14–16.) Rockwell avers that State Farm's arbitrary refusal to pay the

---

[2] Virginia Code § 8.01-66.1 reads, in relevant part:

Whenever a court of proper jurisdiction finds that an insurance company licensed in this Commonwealth to write insurance as defined in § 38.2-124 denies, refuses or fails to pay to its insured a claim of more than $3,500 in excess of the deductible, if any, under the provisions of a policy of motor vehicle insurance issued by such company to the insured and it is subsequently found by the judge of a court of proper jurisdiction that such denial, refusal or failure to pay was not made in good faith, the company shall be liable to the insured in the amount otherwise due and payable under the provisions of the insured's policy of motor vehicle insurance, plus interest on the amount due at double the rate provided in § 6.2-301 from the date that the claim was submitted to the insurer or its authorized agent, together with reasonable attorney's fees and expenses.

VA. CODE ANN. § 8.01-66.1(D)(1).

2

full amount on his insurance claim entitles him to an additional $100,000 in damages. (*Id.* 3–4.) Rockwell also states "he is entitled to recover his attorney fees and costs pursuant to Va. Code Ann. § 38.2-209." (*Id.* ¶ 18.)

### B. Procedural History

On March 5, 2019, Rockwell filed the Complaint in the Chesterfield Circuit Court. The Complaint identifies two causes of action: (1) breach of contract; and, (2) arbitrary refusal of motor vehicle insurance. (*Id.* 1–3.) On March 14, 2019, Rockwell served State Farm. State Farm filed various responsive pleadings at the state level.[3] On April 4, 2019, State Farm timely removed this action from the Chesterfield Circuit Court to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). (ECF No. 1.)

On April 5, 2019, Rockwell filed this Motion to Remand, claiming that the "direct action" provision of 28 U.S.C. § 1332(c)(1)(A) deems State Farm a citizen of Virginia.[4] (Mot. Remand 2, ECF No. 5.) Rockwell asks the Court to remand the case to the Chesterfield Circuit Court for lack of subject matter jurisdiction. (*Id.*) State Farm responded in opposition to the Motion to Remand, countering that the direct action provision of 28 U.S.C. § 1332(c)(1) does not

---

[3] On April 4, 2019, State Farm filed a "Motion Craving Oyer, Demurrer, and Answer." (ECF No. 1-2.) The Court will order State Farm to file an Answer in this Court in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia.

[4] 28 U.S.C. § 1332(c)(1)(A) reads:

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of ... every State and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1)(A).

3

apply when a plaintiff is suing her or his own insurance company. (Mem. Opp. Mot. Remand 1, ECF No. 6.)

Following removal, State Farm filed a Motion to Dismiss Count II of the Complaint. (ECF No. 3.) Rockwell filed a document purporting to represent both a Response to State Farm's Motion to Dismiss Count II and a renewed Motion to Remand.[5] (ECF No. 7.) In his Response, Rockwell agrees to dismiss Count II of the Complaint, which reduces the amount in controversy to $42,972.61. (Resp. Mot. Dismiss 1, ECF No. 7.) Rockwell then asserts that because the new amount in controversy does not exceed $75,000, the Court must remand the case for failure to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a). (*Id.*) State Farm filed a reply to Rockwell's Response to the Motion to Dismiss Count II and Renewed Motion to Remand—again opposing remand—claiming that post-removal action does not defeat jurisdiction for the purposes of 28 U.S.C. § 1332(a). (Reply Mot. Dismiss 2, ECF No. 8.)

## II. Standard of Review for Removal and Remand

Under 28 U.S.C. § 1441(a),[6] a defendant may remove a civil action to a federal district court if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). Section 1446 delineates the procedure for removal, including the requirement that the defendant file a notice of removal in the federal district court and the state court. *See* 28 U.S.C.

---

[5] For ease of reference, the Court refers to Rockwell's dual filing as either the "Response to the Motion to Dismiss" or "Renewed Motion to Remand," as applicable.

[6] Section 1441(a) provides, in pertinent part:

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

4

§ 1446(a), (d). The state court loses jurisdiction upon the removal of an action to federal court. 28 U.S.C. § 1446(d) ("[T]he State court shall proceed no further unless and until the case is remanded."). The removability of a case "depends upon the state of the pleadings and the record *at the time of the application for [] removal....*" *Ala. Great S. Ry. v. Thompson*, 200 U.S. 206, 216 (1906) (emphasis added); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("the right to remove ... [is] determined according to the plaintiffs' pleading at the time of the petition for removal.").

"The party seeking removal bears the initial burden of establishing federal jurisdiction." *Abraham v. Cracker Barrel Old Country Store, Inc.*, No. 3:11cv182, 2011 WL 1790168, at *1 (E.D. Va. May 9, 2011) (citing *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). No presumption favoring the existence of federal subject matter jurisdiction exists because federal courts have limited, not general, jurisdiction. *Id.* (citing *Pinkley Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999)). In deference to federalism concerns, courts must construe removal jurisdiction strictly. *Id.* (citing *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* (quoting *Mulcahey*, 29 F.3d at 151).

A federal district court has diversity jurisdiction over "all civil actions where the matter in controversy exceeds ... $75,000 ... and is between ... [c]itizens of different States." 28 U.S.C. § 1332(a)(1). When diversity of citizenship provides the grounds for removal, then "the sum demanded in good faith in the *initial pleading* shall be deemed to be the amount in controversy...." 28 U.S.C. § 1446(c)(2) (emphasis added).

### III. Analysis: State Farm Properly Removed the Action to this Court

The parties' jurisdictional disagreement pertains to whether diversity of citizenship exists and whether conceding dismissal of Count II of the Complaint (thereby reducing the amount in controversy below $75,000 post-removal) destroys this Court's jurisdiction. The Court finds that parties are diverse and the amount in controversy exceeded $75,000 at the time of removal. Because State Farm properly removed the case to this Court, the Court will deny the Motion to Remand.

### A.  The Parties Are Diverse Pursuant to 28 U.S.C. § 1332(a)

The parties do not contest Rockwell's Virginia citizenship. In general, the citizenship of a corporation, such as State Farm, includes its state(s) of incorporation and its principal place of business. 28 U.S.C. § 1332(c). State Farm has its principal place of business in, and is incorporated in, Illinois. (Not. Removal ¶ 8, ECF No. 1.)

However, Rockwell asserts that State Farm is a Virginia resident for purposes of diversity jurisdiction because his claim is a "direct action" pursuant to 28 U.S.C. § 1332(c)(1):

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any *direct action* against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of ... every State and foreign state of which the insured is a citizen.

28 U.S.C. § 1332(c)(1)(A) (emphasis added). (ECF No. 5.) Rockwell contends that State Farm, as his insurer, should be deemed a citizen of every state where Rockwell is deemed a citizen, destroying diversity. (Mot. Remand ¶¶ 5–6, ECF No. 5.)

But in arguing lack of diversity, Rockwell misinterprets the language of § 1332(c)(1)(A) and binding circuit precedent, which unambiguously mandate that the "direct action" provision

does not apply to the present case.[7] The "direct action" provision of 28 U.S.C. § 1332(c)(1) does not apply to the present case because Rockwell **sues** his own insurer for the insurer's own alleged misconduct. "[T]he unanimous understanding ... has been that 'direct action' as used in § 1332(c) has a much narrower meaning. Specifically, it refers to a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured." *Gateway Residences at Exch., LLC v. Ill. Union Ins.*, 917 F.3d 269, 272 (4th Cir. 2019); *Elliott v. Am. States Ins.*, 883 F.3d 384, 395 (4th Cir. 2018) ("We now join our sister circuits and hold that 'direct action' in § 1332(c)(1) *does not* include an insured's suit against his or her own insurer for breach of the terms of the insurance policy or the insurer's own alleged tortious conduct." (emphasis added)).

The United States Court of Appeals for the Fourth Circuit's decisions in *Gateway* and *Elliott* control the Court's decision regarding the diversity of the parties. In *Elliott*, the plaintiff brought suit against her insurance company for what she called unfair claims settlement practice in violation of North Carolina state law. *Elliot*, 883 F.3d at 388. When her insurance company removed the case to federal court citing diversity jurisdiction, the plaintiff moved to remand challenging both the timeliness of removal and the diversity of the parties. *Id.* Like Rockwell, the plaintiff in *Elliott* asked the court to treat the suit as a "direct action" and remand the case for lack of diversity. *Id.* Looking to its sister circuits for guidance, the Fourth Circuit rejected the plaintiff's contention and held that the "direct action" provision does not apply to a suit brought

---

[7] In his reply to State Farm's Response in Opposition to Remand, Rockwell appears to concede this argument. He does not contest the applicability of the "direct action," but instead attempts to rely on the amount in controversy post-removal to defeat jurisdiction. (Resp. Mot. Dismiss 1, ECF No. 7.)

by the insured against her or his *own* insurer for the insurer's own alleged misconduct. *Id.* at 395.

Just over a year after deciding *Elliott*, the Fourth Circuit reaffirmed *Elliott's* holding in *Gateway*, declaring again that the "direct action" provision applies only to those cases in which the plaintiff has sued the insurance provider of the tortfeasor, in place of the tortfeasor directly. *Gateway*, 917 F.3d at 273 ("[T]he 'key feature' of a direct action is 'the plaintiff's ability to skip suing the tortfeasor and sue directly [her or] his insurance carrier.'") (quoting *Kong v. Allied Prof'l Ins.*, 750 F.3d 1295, 1300-01 (11th Cir. 2014)).[8] As the Fourth Circuit noted in *Gateway*, the legislative history of § 1332(c) confirms the conclusion that the "direct action" provision was not meant to cover suits a party files against its own insurer.[9]

---

[8] In *Gateway*, the plaintiffs sued the insurance company of a contractor that had performed faulty work to compel the insurance company to pay out a judgment previously entered against the contractor. *Gateway*, 917 F.3d at 270. A "direct action," the *Gateway* court stated, applies *only* when the plaintiff skips suing the tortfeasor and instead sues the tortfeasor's insurance company in his place. *Id.* at 273. Because the plaintiff had sued the tortfeasor first, and only later sought recovery from the tortfeasor's insurance company, Gateway's suit did not constitute a direct action. *Id.*

The *Gateway* court also observed that no "direct action" could take place in the Commonwealth of Virginia, because Virginia requires that a party obtain a judgment against a tortfeasor before bringing suit against her or his insurance company. *Id.* Thus, in Virginia, a plaintiff could never meet § 1332(c)'s requirement that a plaintiff file suit against the tortfeasor's insurance company in lieu of the tortfeasor. *See id.* The Court need not address that alternative reasoning here.

[9] As the *Gateway* court discussed, Congress added the "direct action" provision in 1964 to address laws in Louisiana and Wisconsin that allowed plaintiffs to sue their tortfeasor's insurance company directly, without first obtaining a judgment against the tortfeasor on her or his own. *Gateway*, 917 F.3d at 272 (citing S. Rep. No. 88-1301, at 1–2 (1964)). The laws often led to federal diversity jurisdiction when the insurer's citizenship differed from that of the tortfeasors. *Id.* "[A]s a result, what were essentially tort suits between local residents would end up in federal court." *Id.* (citing H.R. Rep. No. 88-1229, at 1–2 (1964)).

Congress then amended § 1332(c), adding the current "direct action" provision to ensure that when a tortfeasor's insurance company stands in the same shoes as the tortfeasor had she or he been sued, the insurer adopts the citizenship of the insured tortfeasor. *Id.* at 272–73. This

8

The present suit is not a direct action under § 1332(c), meaning State Farm does not adopt Rockwell's citizenship. State Farm, incorporated in Illinois and having its principal place of business there, is a citizen of Illinois. *See* 28 U.S.C. § 1332(c). This lawsuit pits a Virginia plaintiff against an Illinois defendant, satisfying 28 U.S.C. § 1332(a)'s diversity requirement.

### B. The Amount in Controversy Exceeded $75,000 at the Time of Removal

At the time of removal, Rockwell's Complaint sought $142,972.61 in damages. In his Response to the Motion to Dismiss and Renewed Motion to Remand, Rockwell agrees to voluntarily dismiss Count II, thereby reducing the amount in controversy to $42,972.61.[10] (ECF No. 7.) State Farm contends that because the amount in controversy exceeded $75,000 at the time of removal, it properly removed the case. (Reply Mot. Dismiss 3–4, ECF No. 8.) Rockwell argues that because he now seeks only $42,972.61, the Court should remand the case for failure to meet the amount in controversy. (ECF No. 7.)

Contrary to Rockwell's position, the originally-claimed figure of $142,972.61 controls the analysis, thus satisfying the amount in controversy. The Fourth Circuit has addressed this issue squarely:

> [I]t is black-letter law that the conditions that create diversity jurisdiction, one well-known basis for subject-matter jurisdiction, need *not* survive through the life of litigation. Rather, a court determines the existence of diversity jurisdiction "at the time the action is filed," regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy.

---

new provision ensured that the merits of state tort claims would generally be resolved by state courts. *Id.* at 273.

[10] Rockwell states that he "agrees with the Defendant's Motion to Strike Count II of the Complaint." (Resp. Mot. Dismiss 1.) Given the parties' agreement and finding it proper to do so, the Court will grant the Motion to Dismiss Count II.

9

*Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). "[T]he case is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed." *Brown v. E. States Corp.*, 181 F.2d 26, 28–29 (4th Cir. 1950) (citing 28 U.S.C. § 1447(c)); *see also Hatcher v. Lowe's Home Ctrs., Inc.*, 718 F. Supp. 2d 684, 689 (E.D. Va. 2010) (noting that allowing parties to defeat jurisdiction through post-removal amendment could "encourage future litigants to wrongly influence proceedings and needlessly open the door to forum or judge shopping").[11]

It follows that "a post-removal event—such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit—does not deprive a federal court of diversity jurisdiction." *Hatcher*, 718 F. Supp. 2d at 687;[12] *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("And though, as here, the plaintiff after removal, by

---

[11] *Hatcher* is directly on point. In *Hatcher*, a court in the Eastern District of Virginia applied the principles set forth in *Porsche* and *Brown* to conclude that amendment to a Complaint that reduces the amount in controversy after removal does not divest the federal court's jurisdiction. *Hatcher*, 718 F. Supp. 2d at 687.

*Hatcher* involved a state law negligence claim, originally seeking $3,000,000 in damages. *Id.* After the defendant removed the action based on diversity jurisdiction, the plaintiff amended the complaint to reduce the amount sought to $74,500, and sought remand. *Id.* Although the defendant agreed to the remand, the district court denied the remand motion, relying on *Porsche* and *Brown*. *Id.* at 687 ("[A]s a general rule, the amount in controversy in an action that is removed because of diversity of citizenship should be measured 'at both the time of commencement [of the action in state court] and the time of removal.'" (quoting *Sayers v. Sears Co.*, 732 F. Supp. 654, 656 (W.D. Va. 1990)).

[12] The *Hatcher* court noted that some courts have been willing to consider post-removal stipulations that reduce the amount in controversy when the plaintiff's claims were ambiguous. *Id.* at 688 (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)). That exception did not apply in *Hatcher* because the plaintiff's original damages claim was an unambiguous, trip-and-fall negligence claim alleging a specific dollar amount. *Id.* Like *Hatcher*, this case presented the Court with an unambiguous claim for $142,972.61. (Compl. 3–4.)

10

stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.").[13] Indeed, as early as 1938, the Supreme Court recognized that "[i]f the plaintiff could, no matter how bona fide [her or] his original claim in state court, reduce the amount of [her or] his demand to defeat federal jurisdiction[,] the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

In sum, the Court evaluates removal based on the claims of Rockwell's Complaint at the time State Farm filed its petition for removal. At that time, Rockwell's Complaint unambiguously alleged two causes of action and sought $142,972.61 in damages. (Compl. 3–4, ECF No. 1-1.) Because the amount in controversy exceeded $75,000 and Rockwell's subsequent amendment does not divest this Court of jurisdiction, State Farm properly removed the case.

## IV. Conclusion

State Farm timely removed this matter pursuant to 28 U.S.C. § 1332(a), and did so properly asserting diversity jurisdiction. 28 U.S.C. § 1332(a)(1). The parties are diverse: Rockwell is a resident of Virginia, State Farm is a resident of Illinois, and 28 U.S.C. § 1332(c)(1)'s "direct action" provision does not apply here. At the time of removal—the legally relevant time—the amount in controversy exceeded $75,000. This Court has jurisdiction to preside over the matter.

---

[13] 28 U.S.C. § 1446(c)(2) validates the Court's conclusion that post-removal amendment does not defeat jurisdiction: "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), then the sum demanded in good faith at the *initial pleading* shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2) (emphasis added).

For the foregoing reasons, the Court will deny the Motion to Remand, (ECF No. 5), and grant the Motion to Dismiss Count II, (ECF No. 3). An appropriate order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Filed nun pro tunc as of June 28, 2019
Date: August 26, 2019
Richmond, Virginia

12